CoweN, Chief Judge,
concurring in part and dissenting in part:
I concur with the majority in its adoption of the trial judge’s recommended decision upholding the validity of the default termination against the plaintiff contractor. I also *862 agree with the majority that the trial judge should have allowed the Government six percent interest on its counterclaim amount and that he erred in permitting a set-off to plaintiff for costs expended in contract performance after December 20, 1968. However, I respectfully dissent from that portion of the majority opinion that overturns the trial judge’s reduction of liquidated damages for the period between the making of the reprocurement contract and the delivery date of the reprocurement contract.
It is helpful first to review precisely what determinations have been made on the liquidated damages issue in this litigation. The Board of Contract Appeals found the Government entitled to $12,250 in liquidated damages, representing assessment of seventy dollars per day for the 175 days that passed from September 19, 1968 (initial completion date promised by plaintiff) to March 14, 1969 (agreed date of delivery by the reprocurement contractor). This award was revised, however, by the trial judge who in his recommendation eliminated $4,060 from the assessment. This change occurred because he included only the period of delay between the first delivery date and the date of the award of the reprocurement contract.
The initial question confronting us on this subject is whether the trial judge-actually had the authority even to reach the issue of specific liquidated damage amounts. We must determine whether plaintiff’s general denial, in conjunction with the Board’s response to that- denial, “placed into issue” the assessment formula used by the Board in its determination of this issue. The majority seemingly considers only the action of plaintiff with respect to this issue when it concludes that “the plaintiff waived his right to these exclusions , by failing to argue for them before the Board of Contract Appeals.” It is true, as the majority points out, that in most instances an issue must be raised by the contractor in its pleadings'or argument at the administrative level or the court will deem the issue waived by the party involved. However, we have given credence in the past to the contention that the Board itself can, under certain circumstances, preserve an issue for our consideration by making specific findings of fact concerning that issue. See Ace Construction Co. v. United States, 185 Ct. Cl. 487, 501-02, 401 F. 2d 816, 823-24 (1968). *863 A close reading of the Board’s decision reveals several specific findings regarding the liquidated damage assessment. Simplex Mfg. Corp., 71-1 BCA para. 8814, at 40,965. These findings, in my opinion, preserve this issue and give the trial judge the authority to review the formula used by the Board in its assessment of liquidated damages.[1]
Having concluded that this issue was properly before the trial judge, the question then becomes whether he was correct in overturning the formula used by the Board. It is important to remember that this issue, involving as it does an interpretation of contractual provisions, is a question of law, and the court is certainly at liberty to make an independent determination of its merits. Petrofsky v. United States, 203 Ct. Cl. 347, 488 F. 2d 1394 (1973) ; J. W. Bateson Co. v. United States, 196 Ct. Cl. 531, 537-38, 450 F. 2d 896, 899 (1971). Furthermore, it is essential to look at the exact wording of the contract in question to understand fully this issue. The agreement between the parties included a liquidated damages paragraph permitting assessment of liquidated damages from the date of final default “until such time as the Government may reasonably provide for the procurement of similar supplies.”
My primary disagreement with the majority concerns its use of the contra proferentem rule and its subsequent concern over the lack of an allegation by plaintiff of a misconception of the meaning of the clause in question. Simply stated, the provision under review is not ambiguous, and therefore the contra proferentem rule is not applicable to the present situation. See United Pacific Insurance Co. v. United States, 204 Ct. Cl. 686, 497 F. 2d 1402 (1974) ; H & M Moving, Inc. v. United States, 204 Ct. Cl. 696, 499 F. 2d 660 (1974). “To provide for the procurement” clearly means, as plaintiff insists, “to make arrangement for, to plan or take measures to obtain supplies.” Since the wording is clear and *864 precise, plaintiff’s reliance on a certain interpretation of the contract is not at issue in the case.
Furthermore, the trial judge’s recommendation on the formula to be used in assessing liquidated damages is entirely consistent with all prior Board decisions concerning the language found in the agreement between the parties. The identical wording as is now before the court was construed in Acme Chair Co., ASBCA 2019 (1955) and Appeal of Keogh, 61-2 BCA para. 3217, to mandate termination of the damage period as of the date of the award of the pre-purchase contract.[2] Therefore, I feel that the formula used by the Board was incorrect as a matter of law and that the trial judge was correct in his handling of this issue.
Accordingly, I would dismiss plaintiff’s petition and would grant defendant a total of $25,775.43 on its counterclaim, plus interest at six percent from August 8, 1969.

 It should be noted that Briscoe v. United States, 194 Ct. Cl. 866, 442 F. 2d 953 (1971), cited by the majority, is not applicable to the present situation.' The plaintiff in Briscoe was guilty of failing to answer a counterclaim in the court, not at the administrative level. Briscoe holds merely that Rules 31(a) and 38(a)(1) normally require a party to file a reply to a counterclaim or otherwise plead. 194 Ct. Cl. at 876, 442 F. 2d at 959.

 The Board in Racine Screw Co., ASBCA 2260 (1955), confronted ’with a different provision regarding liquidated damages, extended the damage period to the delivery date stated in the reproeurement contract. However, there the Board had before it a clause allowing liquidated damages “until such time as the Government may reasonably procure similar material or supplies elsewhere.”